**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ELIZABETH KNOELL | : | |
| | : | CIVIL ACTION NO. 3:23-CV-00815 JFS |
| | : | |
| | : | |
| v. | : | |
| | : | |
| L'ORÉAL USA, GARNIER, SALON | : | |
| CARE ARCADIA BEAUTY LABS LLC, | : | |
| and "ABC CORPORATION" ,a fictitious | : | |
| name to be made specific during discovery | | |

**ORDER**

AND NOW, this        day of         , 2023 after review of Defendant's Motion Dismiss pursuant to Fed. R. Civ. P. 12(b) (5) and (6) and any Response thereto, it is hereby Ordered and Decreed that the Motion is GRANTED and Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

**BY THE COURT,**

_____
                                   **J.**

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ELIZABETH KNOELL | : |
| | : CIVIL ACTION NO. 3:23-CV-00815 JFS |
| | : |
| | : |
| v. | : |
| | : |
| L'ORÉAL USA, GARNIER, SALON CARE | : |
| ARCADIA BEAUTY LABS, LLC., and | : |
| "ABC CORPORATION", a fictitious name to | : |
| be made specific during discovery | |

**DEFENDANT, L'ORÉAL USA, INC.'S**
**MOTION TO DISMISS**
**PURSUANT TO Fed. R. Civ. P. 12(b)(5) and (6)**

Defendant, L'Oréal USA, Inc., incorrectly named as L'Oréal USA and Garnier ("L'Oréal"), by and through its attorneys, Bennett, Bricklin & Saltzburg LLC, hereby files this Motion to Dismiss and in support thereof, states as follows:

**A.    PROCEDURAL HISTORY**

1.      L'Oréal only became aware of the existence of Plaintiff's lawsuit when it received copies of the complaint via regular mail on April 24, 2023 (L'Oréal) and April 26, 2023 (Garnier)[1]. A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit A.

2.      Defendant timely filed Preliminary Objections in the Court of Common Pleas of Monroe County.

3.      On May 18, 2023, L'Oréal timely filed a Notice of Removal from the Monroe County Court of Common Pleas to this Honorable Court pursuant to 28 U.S.C.§ 1441.

4.      When Defendant L'Oréal reviewed Plaintiff's complaint in April 2023, it noticed that Plaintiff's Complaint stems from her alleged use of several hair products on or about November 27, 2019.  See Exhibit A, Plaintiff's Complaint, ¶ 7.

---

[1] L'Oréal USA, Inc. is the sole member of Garnier LLC.

5.      In looking at the docket for this matter, it appears that a payment was made to the Monroe County Court of Common Pleas on November 24, 2021.  A true and correct copy of the docket is attached hereto as Exhibit B.

6.      A Civil Cover Sheet and Praecipe for Writ of Summons were then filed on November 29, 2021.  See Exhibit B.

7.      The statute of limitations in Pennsylvania is two years for personal injury actions. Pa. C.S.A. §5524 (1).

8.      On February 7, 2022, the Sheriff filed affidavits of service advising that the Summonses were sent via certified mail to Defendant L'Oréal and Defendant Garnier but that return receipt cards were not returned by the post office.  True and correct copies of the Affidavits are attached hereto as Exhibit C.

9.      Plaintiff then did not file a Complaint until April 18, 2023.

10.     In the period between the filing of the Praecipe for the Writ of Summons on November 29, 2021, and the filing of the Complaint on April 18, 2023, Plaintiff did nothing.

**B.      PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED DUE TO INSUFFICIENT SERVICE OF PROCESS**

11.     In federal courts, original process may be served under either the law of the state in which the district court sits or under the Federal Rules of Civil Procedure.  See FRCP 4 (e)(1).

12.     Plaintiff instituted her claim in the Monroe County Court of Common Pleas. Therefore, she was required to effectuate service of process under the Pennsylvania Rules of Civil Procedure.

13.     Pennsylvania Rule of Civil Procedure 404 provides that "original process shall be served outside the Commonwealth within ninety days of the issuance of the writ or the filing of the complaint or the reissuance or the reinstatement thereof."

14.     In the comment to Pennsylvania Rule of Civil Procedure 405 (c) it states that "proof of service by mail under Rule 403 shall include a return receipt signed by the defendant…."

15.     Here there was no return receipt card signed by L'Oréal or by Garnier, and therefore, the attempted service of the writ was not proper and not in compliance with Pennsylvania Rule of Civil Procedure 405.

16.     At no time between the time that the Writ of Summons was issued and it was determined that no return receipt card was received, was the Writ reinstated or reissued.  See Exhibit B.

17.     At no time between February 2022 and April 2023, did Plaintiff make any effort to re-attempt service on Defendants L'Oréal or Garnier.

18.     "A writ of summons remains effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion."  Lamp v. Heyman, 469 Pa. 465, 478, 366 A.2d 882, 889 (1976).

19.     Here, there is no question that Plaintiff engaged in a course of conduct which stalled this matter in its tracks.

20.     Pennsylvania law makes clear that Plaintiff must make a good faith effort to effectuate service.  In this instance, Plaintiff was on notice as of February 2022 that there was not proper service on Defendants L'Oréal and Garnier but did not make any effort or attempt to correct service on either of them or do anything until April 18, 2023, when she filed her Complaint.

**C.     PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

21.     Plaintiff named "ABC Corporation" a fictitious entity as a defendant and asserts claims against it.

4

22.     Although 231 Pa. Code §2005 permits a plaintiff to designate any unknown defendant, plaintiff is required to provide (3) a factual description of the unknown defendant with sufficient particularity for identification, and (4) aver that a reasonable search to determine the actual name has been conducted.

23.     Here, Plaintiff has done neither of those things.  To the contrary, in paragraph 5 of her Complaint, Plaintiff solely states: "Plaintiff does not know the true name of Defendant(s) ABC Corporation, inclusive, and therefore, sue it by this Fictitious name.  Plaintiff is informed and believes, and on the basis of that information and belief alleges that this Defendant(s) was in some manner negligently and proximately responsible for the events and happenings alleged in this Complaint and for the Plaintiff, Elizabeth Knoell's injuries and damages."  See Exhibit A, Plaintiff's Complaint, ¶ 5.

24.     This general description provides no basis to identify the entity or entities, and Plaintiff does not indicate that any search, let alone a reasonable one, was conducted to determine and actual name.

25.     Plaintiff's Complaint contains the following claims against all named defendants – including the fictitiously named ABC Corporation: Count I – negligence per se, and Count II – Strict Liability and Failure to Warn.

26.     All of the allegations against all the Defendants, including the fictitiously named Defendant, are lumped together into these two counts.

27.     The facts pled in a Complaint must be "sufficiently specific so as to enable [a] Defendant to prepare his defense…" Smith v. Wagner, 588 A.2d 1308, 1310 (Pa. Super. Ct. 1991).

28.     To plead a claim of negligence per se, Plaintiff must specify the statutes allegedly violated by the defendant on which the negligence per se claim is premised.  See, e.g., Debo v.

Buckley, 44 Pa. D. & C.4th 325, 329 & n.2 (Com. Pl. 1999) (Striking allegation of "negligence per se" because plaintiff "may not simply plead a global violation of some unidentified 'state and local law and ordinance.'"); *see also* National Fuel Gas Distrib. Corp. v. Greenland Constr., Inc., 1 Pa. D. & C.5th 139 (Com. Pl. 2007) (A defendant "has a legal right to know whether it must defend itself only against a common law claim of negligence or a claim that it violated [a statute].").

29.     Here, Plaintiff has failed to specify the statutes allegedly violated by Defendants, and Defendants are unable to defend themselves against a claim of negligence *per se* if they are not apprised of the statute or statutes they are alleged to have violated.

30.     Additionally, Plaintiff alleges in Count II of her Complaint that the products (collectively) were defective due to the warnings and instructions.

31.     However, Plaintiff did not cite to the warnings and instructions in the body of the Complaint and did not attach copies of the allegedly defective warnings or instructions to her Complaint.

32.     "To prevent dismissal, all civil complaints must now set out sufficient factual matter to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210. A plaintiff must plead more than the possibility of relief to survive a motion to dismiss. Id.

33.     "To survive a motion to dismiss, the complaint must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Kelly v. Progressive Advanced Ins. Co., 159 F. Supp. 3d 562, 564 (E.D. Pa. 2016) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "Factual allegations must … raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

"Pleading only 'facts that are "merely consistent with" a defendant's liability' is insufficient and cannot survive a motion to dismiss." <u>Kelly</u>, 159 F. Supp. 3d at 564 (citation omitted).

34.     Courts are not required, however, to credit bare or conclusory assertions, or to give weight to legal conclusions contained in the Complaint, when considering a Rule 12(b)(6) motion. <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3rd Cir. 1997); <u>Freedom Props., L.P. v. Lansdale Warehouse Co.</u>, 2007 WL 2254422, at *2.

35.     Absent any specificity with respect to the warnings and instructions Plaintiff claims were defective, Defendants are unable to respond to Plaintiff's failure to warn claim and such claims should be dismissed. <u>Foge, McKeever LLC v. Zoetis Inc.</u>, 565 F.Supp.3d 647 (W.D. Pa. 2021) (dismissing failure to warn claim where complaint did not specify what information was missing from the defendant's warnings or how and why the warnings were inadequate); <u>McGrain v. C.R. Bard, Inc.</u>, 551 F.Supp.3d 529 (E.D. Pa. 2021) (same).

WHEREFORE, for the reasons set forth above and more fully in Defendant L'Oréal's supporting Brief, it is respectfully requested that the Court enter the Proposed Order.

**BENNETT, BRICKLIN & SALTZBURG LLC**


BY:  _____
        DANA V. SZILIER, ESQUIRE
        Attorney for Defendants L'Oréal USA, Inc. and Garnier LLC
        Attorney ID No: 90898
        Centre Square, West Tower
        1500 Market Street, 32nd Flr.
        Philadelphia, PA 19102

Date:  <u>May 24, 2023</u>

7

**THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ELIZABETH KNOELL | : |
| | : CIVIL ACTION NO. 3:23-CV-00815 JFS |
| | : |
| v. | : |
| | : |
| L'ORÉAL USA, GARNIER, SALON CARE | : |
| ARCADIA BEAUTY LABS LLC, and ABC | : |
| CORPORATION | |

**DEFENDANT L'ORÉAL USA, INC.'S**
**BRIEF IN SUPPORT OF MOTION TO DISMISS**

## I.   PROCEDURAL HISTORY

Defendant L'Oréal USA, Inc., incorrectly named as L'Oréal USA and Garnier ("L'Oréal"), incorporates by reference the averments contained in its Motion to Dismiss as though more fully set forth herein at length. Briefly, this is a claim for personal injury due to Plaintiff's alleged use of Defendants' hair products in 2019.

## II.   ARGUMENT

### A.   Standard of Review

Defendant seeks dismissal of the Complaint pursuant to Fed. R. Civ. P. 12(b)(5) and (6) due to improper service in additional to legal insufficiency.  "It is well-established that [s]ervice of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, the rules concerning service of process must be strictly followed.  Thus improper service is not merely a procedural defect that can be ignored when a defendant subsequently learns of the action…" Lerner v. Lerner, 2008 Pa. Super 183, 954 A.2d 1229, 1237 (Pa. Super. 2008) (quoting Cintas Corp v. Lee's Cleaning Services, Inc., 549 Pa. 84, 91, 700 A.2d 915, 917 (citing Sharp v. Valley Forge Medical Ctr. And Heart Hosp., Inc., 412 Pa. 124, 221 A.2d 185 (1966).  Pennsylvania Rule

of Civil Procedure 404 provides that "original process shall be served outside the Commonwealth within ninety days of the issuance of the writ or the filing of the complaint or the reissuance or the reinstatement thereof."  In the comments to Pennsylvania Rule of Civil Procedure 405 (c) it states that "proof of service by mail under Rule 403 **shall** include a return receipt signed by the defendant…." (emphasis added).

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of an action or a claim and is appropriate where "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Freedom Props., L.P. v. Lansdale Warehouse Co. Inc., Civ. A. No. 06-5469, 2007 U.S. Dist. LEXIS 57116, at *5 (E.D. Pa. Aug. 3, 2007) (citing Carino v. Stefan, 376 F.3d 156, 159 (3d Cir. 2004)). Under Rule 12(b)(6), all well pled facts in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. Schrob v. Catterson, 948 F.2d 1402 (3d Cir. 1991). Courts are not required, however, to credit bald or conclusory assertions, or to give weight to legal conclusions contained in the complaint, when considering a 12(b)(6) motion. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); Freedom Props., L.P., 2007 U.S. Dist. LEXIS 57116, at *6. The U.S. Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 667(2009) held that "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." A pleading that offers labels and conclusions or formulaic recitations of the elements of a cause of action will not meet the requirements of Federal Rule of Procedure 8 and is subject to dismissal by motion under Rule 12(b)(6). Id. at 677.

**B.  Plaintiff's Complaint Should Be Dismissed Due to Insufficient Service of Process**

As is stated above, improper service is not a procedural defect that can simply be cured.  In this instance, Plaintiff claims to have been injured in 2019.  On the eve of the running of the statute

of limitations in November 2021, she instituted this lawsuit by filing a Praecipe for Writ of Summons.  However, Defendants L'Oréal and Garnier had no notice of this lawsuit until April 2023.  There is no return receipt card signed by either L'Oréal or Garnier.  By February 7, 2022, well within the 90 days for service of the writ, Plaintiff knew that a signed return receipt card had not been returned by the post office.  Despite this, Plaintiff did not attempt to re-serve the writ, and Plaintiff did not reinstate the writ at any time.  In fact, Plaintiff did not do anything until April 18, 2023, when she filed her Complaint.  Therefore, it is submitted that Plaintiff's Complaint should be dismissed due to the lack of any good faith effort to effectuate service on Defendants once she learned that the initial attempt at service was invalid or improper.  See Farinacci v. Beaver County Industrial Dev. Authority, 510 Pa. 589, 511 A2d 757 (Pa. 1986) (affirming dismissal of complaint when plaintiff failed to meet good-faith requirement to effectuate notice of action's commencement); Gussom v. Teagle, 247 A.3d 106 (Pa. 2020) (same).

## C. Plaintiff's Complaint Should Also Be Dismissed Because it Fails to State a Claim Upon Which Relief Can Be Granted

Defendant L'Oréal also seeks dismissal of Plaintiff's Complaint on the basis of legal insufficiency.  Although 231 Pa. Code §2005 permits a plaintiff to designate an unknown defendant, plaintiff is required to provide (3) a factual description of the unknown defendant with sufficient particularity for identification, and (4) aver that a reasonable search to determine the actual name has been conducted.  Here, Plaintiff has done neither of those things.  To the contrary, in paragraph 5 of her complaint, Plaintiff solely states: "Plaintiff does not know the true name of Defendant(s) ABC Corporation, inclusive, and therefore, sues it by this Fictitious name.  Plaintiff is informed and believes, and on the basis of that information and belief alleges that this Defendant(s) was in some manner negligently and proximately responsible for the events and happenings alleged in this Complaint and for the Plaintiff, Elizabeth Knoell's injuries and

damages."  See Exhibit A, Plaintiff's Complaint, ¶ 5.  This general description provides no basis to identify the entity or entities, and Plaintiff does not indicate that any search, let alone a reasonable one, was conducted to determine an actual name.  The above description does not even identify the type of entity that the fictitious defendant is.

Additionally, in Count I of Plaintiff's Complaint, she has asserted a claim for negligence *per se* against L'Oréal, Garnier, Salon Care Arcadia Beauty Labs, LLC, and the fictitious defendant.  In order to plead a claim of negligence *per se*, however, plaintiff must specify the statutes allegedly violated by the defendant on which the negligence *per se* claim is premised.  *See*, e.g., Debo v. Buckley, 44 Pa. D. & C.4th 325, 329 & n.2 (Com. Pl. 1999) (Striking allegation of "negligence per se" because plaintiff "may not simply plead a global violation of some unidentified 'state and local law and ordinance.'"); *see also,* National Fuel Gas Distrib. Corp. v. Greenland Constr., Inc., 1 Pa. D. & C.5th 139 (Com. Pl. 2007) (A defendant "has a legal right to know whether it must defend itself only against a common law claim of negligence or a claim that it violated [a statute].").  In Count I of Plaintiff's Complaint, she does not list a single rule, ordinance or statute that she claims any of the Defendants violated.  Rather, the allegations are extremely general and allege violation of a standard of care.  See generally Exhibit A, Plaintiff's Complaint.  This is insufficient to support a claim for negligence *per se*, and therefore Plaintiff's Complaint should be dismissed.

In addition, in her Complaint, Plaintiff has two counts.  Count I is for negligence *per se* and Count II is for Strict Products Liability and Failure to Warn.  The negligence *per se* claim, as is stated above, must be dismissed.  It is insufficiently specific as it fails to set forth the rule, ordinance or statute that any of the Defendants allegedly violated.  In Count II, Plaintiff solely states generally that Defendants' products (collectively) were unreasonably dangerous and

defective due to inadequate warning or instruction.  See Exhibit A, ¶¶ 23-24.  The warnings and instructions are clearly writings.  However, Plaintiff fails to specifically identify the warnings and instructions or the portions of them that she believes are defective either in the body of the Complaint or as an Exhibit.  As a result, Defendant L'Oréal cannot adequately prepare a defense to Plaintiff's assertion relating to the defective nature of the labeling, warnings and/or instructions and such claims must be dismissed. Foge, McKeever LLC v. Zoetis Inc., 565 F.Supp.3d 647 (W.D. Pa. 2021) (dismissing failure to warn claim where complaint did not specify what information was missing from the defendant's warnings or how and why the warnings were inadequate); McGrain v. C.R. Bard, Inc., 551 F.Supp.3d 529 (E.D. Pa. 2021) (same).

## VI.    RELIEF

Wherefore, Defendant L'Oréal respectfully requests that this Honorable Court enter the attached Order dismissing all claims with prejudice.

Respectfully submitted,

**BENNETT, BRICKLIN & SALTZBURG LLC**

BY:    _Dana V. Szilier_

DANA V. SZILIER
Attorney for Defendant L'Oréal USA, Inc. and Garnier LLC

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ELIZABETH KNOELL | : |
| | : CIVIL ACTION NO. 3:23-CV-00815 JFS |
| | : |
| v. | : |
| | : |
| L'ORÉAL USA, GARNIER, SALON CARE | : |
| ARCADIA BEAUTY LABS LLC, and ABC | |
| CORPORATION, a fictitious name | |

**CERTIFICATE OF SERVICE**

I, Dana V. Szilier, Esquire, being duly sworn according to law, state that I am an attorney

with the law firm of Bennett, Bricklin & Saltzburg LLC, attorney for defendant, L'Oréal USA,

Inc. and that a true and correct copy of this Motion to Dismiss and Brief filed electronically and is

available for viewing and downloading from the Electronic Case filing system, which constitutes

service upon the counsel of record.  A copy has been or will be provided to any party or attorney

not registered for electronic service.

**BENNETT, BRICKLIN & SALTZBURG LLC**

BY: _____
        DANA V. SZILIER
        Attorney for Defendants
        L'Oréal USA, Inc. and Garnier LLC
        Attorney ID No: 90898
        Centre Square, West Tower
        1500 Market Street, 32nd Floor
        Philadelphia, PA 19102

Date:  <u>May 24, 2023</u>