IN THE UNITED STATS DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **ELIZABETH KNOELL** <br><br>                       **Plaintiff,** <br><br> v. <br><br> **L'ORÉAL USA, GARNIER, SALON CARE ARCADIA BEAUTY LABS, LLC., and "ABC CORPORATION", a fictitious name to be made specific during discovery** <br>                                 **Defendants.** | **CIVIL  ACTION NO. 3:23-cv-00815-JFS** <br><br><br> **ORDER** |

AND NOW, this _____ day of _____, 2023 after review of Defendant, Arcadia Beauty Labs, LLC incorrectly named as Salon Care Arcadia Beauty Labs, LLC's Motion Dismiss pursuant to Fed. R. Civ. P. 12(b) (5) and (6) and any Response thereto, it is hereby Ordered and Decreed that the Motion is GRANTED and Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

                                    **BY THE COURT,**

                                    _____

                                            **J.**

IN THE UNITED STATS DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ELIZABETH KNOELL**<br><br>                                 **Plaintiff,**<br><br>**v.**<br><br>**L'ORÉAL USA, GARNIER, SALON CARE ARCADIA BEAUTY LABS, LLC., and "ABC CORPORATION", a fictitious name to be made specific during discovery**<br>                                 **Defendant** | **CIVIL ACTION  NO. 3:23-cv-00815-JFS** |

### DEFENDANT, ARCADIA BEAUTY LABS, LLC's MOTION TO DISMISS

Defendant, Arcadia Beauty Labs, LLC, incorrectly named as Salon Care Arcadia Beauty Labs, LLC (hereafter "Arcadia"), by and through its attorneys, Lewis Brisbois Bisgaard & Smith, LLP, hereby files this Motion to Dismiss and in support thereof, states as follows:

#### A. PROCEDURAL HISTORY

1. Plaintiff, Elizabeth Knoell, appears to have initiated this action via Writ of Summons, in the Monroe County Court of Common Pleas, on November 29, 2021. *See*, Monroe County Docket, attached hereto as Exhibit "A."

2. Thereafter, on November 30, 2021, Plaintiff directed the Monroe County Sheriff to serve Arcadia, incorrectly named as Salon Care Arcadia Beauty Labs, LLC, via certified mail at 9975 Mova Boulevard, Reno, Nevada 89506-2619. *See*, Sheriff's Service Affidavit of Return, attached hereto as Exhibit "B."

3. The Writ of Summons appears to have been delivered at the above address on December 6, 2021. *Id*.

4.   Plaintiff's allegations stem from her alleged use of several hair products on or about November 27, 2019. *See*, Plaintiff's Complaint, ¶ 7 attached hereto as Exhibit "C."

5.   The statute of limitations in Pennsylvania is two years for personal injury actions. Pa. C.S. A. § 5524(1).

6.   Plaintiff's Writ of Summons and later, April 18, 2023 Complaint incorrectly named Arcadia as Salon Care Arcadia Beauty Labs, LLC, and the proper entity is Arcadia Beauty Labs LLC, which is a Delaware limited liability corporation with its principal place of business in Denton, Texas. *See*, Affidavit of Denise Latham and  Corporate Entity Information for Arcadia Beauty Labs LLC, attached hereto as Exhibit "D."

7.   Sally Holdings LLC is the sole member of Arcadia Beauty Labs LLC.  Sally Holdings LLC is a Delaware limited liability corporation with its principal place of business in Denton, Texas. *Id*.

8.   The sole member of Sally Holdings LLC is Sally Investment Holdings LLC, a Delaware limited liability company with its principal place of business in Denton Texas. *Id*.

9.   The sole member of Sally Investment Holdings LLC is Sally Beauty Holdings, Inc., a Delaware corporation with its principal place of business in Denton, Texas. *Id*.

10.  Plaintiff, therefore, attempted service of original process upon Arcadia by certified mail in a state and at a location that was not Arcadia's principal place of business, was not its address within its state of incorporation, and further, was not its registered agent for service in Nevada.

11.  Plaintiff has not attempted further service upon Arcadia and formal service of the April 18, 2023 Complaint, like the Writ of Summons, was never effectuated on Arcadia at its principal place of business, address within state of incorporation, or registered agent.

12. On May 18, 2023, co-defendant, L'Oreal USA, Inc. removed this action to this court, the United States District Court for the Middle District of Pennsylvania. (ECF #1)

**B. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED DUE TO INSUFFICIENT SERVICE OF PROCESS**

13. In federal courts, original process may be served under either the law of the state in which the district court sits or under the Federal Rules of Civil Procedure. *See* FRCP 4 (e)(1).

14. Plaintiff instituted her claim in the Monroe County Court of Common Pleas.

15. Therefore, she was required to effectuate service of process under the Pennsylvania Rules of Civil Procedure.

16. Pennsylvania Rule of Civil Procedure 404 provides that "original process shall be served outside the Commonwealth within ninety days of the issuance of the writ or the filing of the complaint or the reissuance or the reinstatement thereof."

17. Further, Pennsylvania Rule of Civil Procedure 403 states that "[i]f a rule of civil procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent." Pa. R. Civ. P. 403. In other words, "Pennsylvania Rule 403 requires . . . a receipt signed by the defendant or his authorized agent." *Lampe v. Xouth, Inc*., 952 F.2d 697, 701 (3d Cir. 1991); *see also Barkley v. Westmoreland County Children's Bureau*, No. 11-983, 2012 U.S. Dist. LEXIS 138466, 2012 WL 4482542, at *2 (W.D. Pa. Sept. 26, 2012) (service of process by mail on an individual under Pa. R. Civ. P. 403 requires "a receipt signed by the individual or the individual's authorized agent").

18. For purposes of Pennsylvania Rule 403, an "authorized agent" means one of the corporate agents authorized to accept service of process pursuant to Rule 424. *See Hemmerich Indus., Inc. v. Moss Brown & Co., Inc*., 114 F.R.D. 31, 32 (E.D. Pa. 1987) (explaining that, while Rules 404

and 403 "establish the basic practice for service of process, reference must be made to Subpart C (Rules 420-425) of the Pennsylvania Rules on Service of Original Process and Legal Papers which provides for service upon particular parties")

19. The burden rests on the plaintiff to prove proper service. *See Lampe*, 952 F.2d at 701 (finding that, in order for the plaintiff to establish proper service of summons and complaint under Pennsylvania law, the plaintiff had to prove that either defendant or his authorized agent signed the receipts); *see also McKinnis v. Hartford Life*, 217 F.R.D. 359, 361 (E.D. Pa. 2003) ("It is [the] [p]laintiff's burden to show that service was proper.").

20. Rather, "[t]he propriety of service under Pennsylvania law commonly depends upon the relationship between the person receiving process and the party to the litigation." *Grand Entertainment Group v. Star Media Sales*, 988 F.2d 476, 485 (3d Cir. 1993).

21. The Court of Appeals has remarked that it could not find "any Pennsylvania decision that held service proper in the absence of a representation that the individual served had actual authority or a direct or claimed relationship with the party to the suit from which authority could be inferred." *Id*.

22. Consistent with this principle, several courts in this circuit have concluded that an authorized agent for purposes of Pa. R.C.P. 403 must have the authority to accept service of process—as opposed to merely the authority to accept certified mail deliveries. *See Pearson v. Sonnet Trucking, Inc*., No. 09-5917, 2012 U.S. Dist. LEXIS 11363, 2012 WL 279673, at *2 (E.D. Pa. Jan. 30, 2012) (holding that service was improper under Pa. R. Civ. P. 403 where plaintiff failed to show that defendant authorized the signatory of return receipts to be its agent for purposes of accepting service of process rather than accepting certified mail deliveries); *Grant St. Group, Inc. v. D & T Ventures, LLC*, No. 10-1095, 2011 U.S. Dist. LEXIS 19835, 2011 WL 778438, at

*2 (W.D. Pa. Mar. 1, 2011) (remarking that the authority of signatory of return receipt to accept certified mail does not render that signatory the defendant's authorized agent under Rule 403); *Leggett v. Amtrak*, No. 90-3007, 1990 U.S. Dist. LEXIS 15828, 1990 WL 182148, at *1 (E.D. Pa. Nov. 26, 1990) (finding insufficient evidence to conclude service was proper in conformity with Pa. R.C.P. 403 where nothing in the record demonstrated signatory's "authority to accept service of process on behalf of the corporation").

23. At no time between November 30, 2021 and present did Plaintiff make any effort to determine if service was effectuated on Arcadia's agent for service, despite the fact that a simple corporation search demonstrates the location of Arcadia's principal place of business, address within state of incorporation and/or registered agent in Nevada—all of which are different addresses than where Plaintiff attempted service.

24. "A writ of summons remains effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." *Lamp v. Heyman*, 469 Pa. 465, 478, 366 A.2d 882, 889 (1976).

25. Here, there is no question that Plaintiff engaged in a course of conduct which stalled this matter in its tracks, and has not effectuated service upon Arcadia in the year and a half since initiating this action.

26. Pennsylvania law makes clear that Plaintiff must make a good faith effort to effectuate service. In this instance, Plaintiff did not make any effort or attempt to effectuate proper service on an authorized agent of Arcadia.

WHEREFORE, for the reasons set forth above and more fully in Defendant, Arcadia's supporting Brief, it is respectfully requested that the Court enter the Proposed Order and dismiss Arcadia from this matter with prejudice.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH, LLP

By: _/s/ Lee J. Janiczek, Esquire_
    Lee J. Janiczek, Esquire
    550 E. Swedesford Road, Suite 270
    Wayne, PA 19087
    (215) 977-4100
    Attorney for Defendant

Date: May 25, 2023

IN THE UNITED STATS DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ELIZABETH KNOELL**<br><br>                              **Plaintiff,**<br>   **v.**<br><br>**L'ORÉAL USA, GARNIER, SALON CARE ARCADIA BEAUTY LABS, LLC., and "ABC CORPORATION", a fictitious name to be made specific during discovery**<br>                              **Defendant** | **CIVIL ACTION  NO. 3:23-cv-00815-JFS** |

### DEFENDANT, ARCADIA BEAUTY LABS, LLC's BRIEF IN SUPPORT OF MOTION TO DISMISS

**I.      PROCEDURAL HISTORY**

Defendant, Arcadia Beauty Labs, LLC, incorrectly named as Salon Care Arcadia Beauty Labs, LLC (hereafter "Arcadia"), incorporates by reference the averments contained in its Motion to Dismiss as though more fully set forth herein at length. This matter is a claim for personal injury due to Plaintiff's alleged us of hair products in 2019.

**II.      ARGUMENT**

**A.  Standard of Review**

Arcadia seeks dismissal of the Complaint pursuant to Fed. R. Civ. P. 12(b)(5) and (6) due to improper service. "It is well-established that [s]ervice of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, the rules concerning service of process must be strictly followed. Thus improper service is not merely a procedural defect that can be ignored when a defendant subsequently learns of the action…" *Lerner v. Lerner*, 2008 Pa. Super 183, 954 A.2d 1229, 1237 (Pa. Super. 2008) (*quoting Cintas Corp v. Lee's Cleaning Services, Inc*., 549 Pa. 84,

91, 700 A.2d 915, 917 (*citing Sharp v. Valley Forge Medical Ctr. And Heart Hosp., Inc*., 412 Pa. 124, 221 A.2d 185 (1966). Pennsylvania Rule of Civil Procedure 404 provides that "original process shall be served outside the Commonwealth within ninety days of the issuance of the writ or the filing of the complaint or the reissuance or the reinstatement thereof." Further, Pennsylvania Rule of Civil Procedure 403 states that "[i]f a rule of civil procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent." Pa. R. Civ. P. 403. The burden rests on the plaintiff to prove proper service on an authorized agent. *See Lampe v. Xouth, Inc*., 952 F.2d 697, 701 (3d Cir. 1991 (finding that, in order for the plaintiff to establish proper service of summons and complaint under Pennsylvania law, the plaintiff had to prove that either defendant or his authorized agent signed the receipts).

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of an action or a claim and is appropriate where "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Freedom Props., L.P. v. Lansdale Warehouse Co. Inc*., Civ. A. No. 06-5469, 2007 U.S. Dist. LEXIS 57116, at *5 (E.D. Pa. Aug. 3, 2007) (*citing Carino v. Stefan,* 376 F.3d 156, 159 (3d Cir. 2004)). Under Rule 12(b)(6), all well pled facts in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. *Schrob v. Catterson*, 948 F.2d 1402 (3d Cir. 1991). Courts are not required, however, to credit bald or conclusory assertions, or to give weight to legal conclusions contained in the complaint, when considering a 12(b)(6) motion. *Morse v. Lower Merion Sch. Dist*., 132 F.3d 902, 906 (3d Cir. 1997); *Freedom Props., L.P.,* 2007 U.S. Dist. LEXIS 57116, at *6. The U.S. Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 667(2009) held that "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." A pleading that offers labels and conclusions or formulaic recitations of the elements of a cause of action will not meet the requirements of Federal Rule of Procedure 8 and is subject to dismissal by motion under Rule 12(b)(6). Id. at 677.

**B.**  **Plaintiff's Complaint Should Be Dismissed Due to Insufficient Service of Process**

As is stated above, improper service is not a procedural defect that can simply be cured. In this instance, Plaintiff claims to have been injured in 2019. On the eve of the running of the statute of limitations in November 2021, she instituted this lawsuit by filing a Praecipe for Writ of Summons. However, Plaintiff entirely failed to serve an authorized agent of Arcadia with original process. Rather, Plaintiff misnamed Arcadia and attempted service of original process by certified mail in a state and at a location that was not Arcadia's principal place of business, was not its address within its state of incorporation, and further, was not its registered agent for service in Nevada. Plaintiff has not attempted further service upon Arcadia and formal service of the April 18, 2023 Complaint, like the Writ of Summons, was never effectuated on Arcadia at its principal place of business, address within state of incorporation, or registered agent.

Therefore, Plaintiff's Complaint should be dismissed due to lack of good faith effort to effectuate service on Arcadia in the year and a half since initiating this action and nearly four years since the alleged incident giving rise to the litigation occurred. *See Farinacci v. Beaver County Industrial Dev. Authority*, 510 Pa. 589, 511 A2d 757 (Pa. 1986) (affirming dismissal of complaint when plaintiff failed to meet good-faith requirement to effectuate notice of action's commencement); *Gussom v. Teagle*, 247 A.3d 106 (Pa. 2020) (same); *see also Pearson v. Sonnet Trucking, Inc*., No. 09-5917, 2012 U.S. Dist. LEXIS 11363, 2012 WL 279673, at *2 (E.D. Pa. Jan. 30, 2012) (holding that service was improper under Pa. R. Civ. P. 403 where plaintiff failed to show that defendant authorized the signatory of return receipts to be its agent for purposes of

accepting service of process rather than accepting certified mail deliveries); *Grant St. Group, Inc. v. D & T Ventures, LLC*, No. 10-1095, 2011 U.S. Dist. LEXIS 19835, 2011 WL 778438, at *2 (W.D. Pa. Mar. 1, 2011) (remarking that the authority of signatory of return receipt to accept certified mail does not render that signatory the defendant's authorized agent under Rule 403); *Leggett v. Amtrak*, No. 90-3007, 1990 U.S. Dist. LEXIS 15828, 1990 WL 182148, at *1 (E.D. Pa. Nov. 26, 1990) (finding insufficient evidence to conclude service was proper in conformity with Pa. R.C.P. 403 where nothing in the record demonstrated signatory's "authority to accept service of process on behalf of the corporation").

## III.    RELIEF

Wherefore, Defendant Arcadia Beauty Labs, LLC, incorrectly named as Salon Care Arcadia Beauty Labs, LLC respectfully requests that this Honorable Court enter the attached Order dismissing all claims against it with prejudice.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH, LLP

By: */s/ Lee J. Janiczek, Esquire*
Lee J. Janiczek, Esquire
550 E. Swedesford Road, Suite 270
Wayne, PA 19087
(215) 977-4100
Attorney for Defendant

Date: May 25, 2023

## <u>CERTIFICATE OF SERVICE</u>

I, Lee J. Janiczek, Esquire, hereby certify that I electronically filed the foregoing *Motion to Dismiss* with the Clerk of the Court using the CM/ECF system which automatically sent notification of such filing to the below listed individual(s).  The document so filed is available for viewing and downloading on the ECF System.

Dana V. Szilier, Esquire
Bennett, Bricklin & Saltzburg LLC
Centre Square, West Tower
1500 Market Street, 32nd Floor
Philadelphia, PA 19102
Attorney for Defendant, L'Oreal USA, Inc. and
Garnier

Robert J. Kidwell, Esquire
Law Offices
712 Monroe Street
PO Box 511
Stroudsburg, PA  18360-0511

LEWIS BRISBOIS BISGAARD & SMITH LLP

By:   */s/ Lee J. Janiczek*
Lee J. Janiczek, Esquire

Dated: May 25, 2023

95418097.1